## THATCHER v. EDSALL.

No. 7792; June 28, 1884.

4 Pac. 202.

**Mortgage—Fraud in Execution.**—Where, in an Action of Foreclosure of mortgage, a cross-complaint is filed, charging plaintiff and others with fraud and conspiracy regarding the execution of the mortgage, and the lower court finds against the defendant as to such fraud, the plaintiff is entitled to his judgment of foreclosure, however fraudulent the conduct of the other parties (joined in such cross-complaint) may be.

APPEAL from Superior Court of Mendocino County.

Porter & Rutledge for appellant; T. L. Carothers and T. B. Bond for respondent.

ROSS, J.—To a verified complaint, in the ordinary form, for the foreclosure of two certain mortgages, the defendant, Juana B. Edsall, interposed an answer in which she admitted the execution of the notes and mortgages set forth in the complaint but denied that at the time of such execution she was indebted to the plaintiff in any sum of money, and alleged that she executed the notes and mortgages without receiving any consideration whatever therefor, and that each of those instruments was procured from her by false and fraudulent representations. For a further and separate answer she alleged that she did not know, at the time of her execution of the note and mortgage set forth in the first count of the complaint, that the amount thereby agreed to be paid by her was $4,700, but believed that the sum therein mentioned and agreed to be paid was $4,500, and no more, and that the sum of $4,700 was inserted in said note and mortgage without her knowledge or consent. Like averments are made in the answer of defendant with respect to the note and mortgage secondly counted on by the plaintiff; that is to say, it is alleged that defendant did not know at the time of the execution of that note and mortgage, or for a long time afterward, that the sum therein mentioned and agreed to be paid by her was $5,300, but that she believed the sum to be $4,500, and no more, and that the sum of $5,300 was inserted in said note and mortgage without her knowledge or consent. In addition

to her answer, the defendant filed, with the permission of the court below, a cross-complaint, in which she made the plaintiff Thatcher and one Knox and one Harrison parties defendant, and therein charged that Thatcher, Knox and Harrison entered into a conspiracy to cheat and defraud her of all her property, including that described in Thatcher's mortgages, and that those mortgages were procured from her by the alleged conspirators by means of false and fraudulent representations, made in the furtherance of the conspiracy, to the end that they might obtain from her, among other property, the land embraced in the mortgages.

It is entirely clear that but for the averments implicating Thatcher in the alleged conspiracy, the cross-complaint would have had no place in the action, which, as has been stated, was simply one for the foreclosure of the mortgages executed to Thatcher. And when the court below, after trial, found, as it did, the facts to be that the defendant executed the notes and mortgages in question in consideration of the amount of money named in them being loaned to her by the plaintiff at the time of their execution, and that she executed the instruments with full knowledge of their contents, and without any false or fraudulent representations, and that Thatcher never did conspire with Knox and Harrison, or either of them, or with anyone else, or at all, to cheat or defraud the defendant, it would seem to follow that Thatcher is entitled to the decree awarded him by the court below, foreclosing the mortgages set out in his complaint, unless, indeed, we can hold as unsupported by the evidence the findings of fact made by the trial court. This, after an attentive reading of the evidence, we are unable to do, under the established rule governing this court in such matters. However fraudulent toward defendant the conduct of Knox and Harrison, if, as the court below found, Thatcher had no part with them, and was himself guiltless of any false and fraudulent representations, but loaned defendant the money for which she executed the notes and mortgages, we see no reason why he is not entitled to a decree of foreclosure, the event having occurred conferring upon him the right to foreclosure.

Judgment and order affirmed.

I concur: McKinstry, J.

I concur in the judgment: McKee, J.